IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SOUTHWEST AIRLINES CO. | § | |
| | § | CIVIL ACTION NO. |
| VS. | § | 3:06-CV-0891-B |
| | § | |
| BOARDFIRST, L.L.C. | § | |

# FIRST AMENDED COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT:**

**COMES NOW,** Plaintiff SOUTHWEST AIRLINES CO. ("Southwest"), and brings this action against Defendant BoardFirst, L.L.C. ("BoardFirst") for injunctive relief and damages under the laws of the United States and the State of Texas and states as follows:

## I. NATURE OF THE ACTION

1. By this Complaint, Southwest seeks injunctive relief and monetary damages against BoardFirst based on BoardFirst's unauthorized use of Southwest's website in connection with BoardFirst's operation of a travel services business in which it, without Southwest's permission, sells to Southwest's customers online check-in and boarding pass retrieval for Southwest flights. BoardFirst's activities constitute breach of contract, fraud in connection with computers, trademark infringement, unfair competition and unjust enrichment. Despite multiple requests from Southwest that BoardFirst cease these wrongful activities, BoardFirst persists in this conduct. As a result, Southwest has suffered, is suffering, and unless preliminary and permanent relief is entered by this court, will continue to suffer ongoing harm due to BoardFirst's conduct alleged herein.

## II. PARTIES

2. Southwest is a Texas corporation with its principal place of business in Dallas, Texas.

3.  Upon information and belief, BoardFirst is an Arizona limited liability company with its principal place of business on the Internet and its headquarters at 5414 N. 25th Street, Phoenix, Arizona 85026.

### III.  JURISDICTION

4.  This Court has subject matter jurisdiction over the federal claims in this action pursuant to 28 U.S.C. §1331 because certain of Southwest's claims arise under 18 U.S.C. § 1030, 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

5.  This Court has supplemental jurisdiction over the claims in this Complaint that arise under the law of the State of Texas pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form a part of the same case or controversy and derive from a common nucleus of operative facts.

6.  In addition, this Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332.  This controversy is between citizens of different states, and the amount in controversy exceeds and/or the value of the right sought to be protected by the injunction exceeds $75,000.

7.  This Court has personal jurisdiction over BoardFirst because BoardFirst purposefully directed their unlawful acts to this forum, knew that the injury from their unlawful acts would be felt primarily by Southwest in this judicial district, and systematically conducted business in this judicial district.

8.  Upon information and belief, BoardFirst has purposefully availed itself to the forum by entering into one or more contracts with residents of the State of Texas knowing that it would receive commercial gain through such contracts.

9.  Upon information and belief, a substantial portion of BoardFirst's business is the operation of an internet website located at www.boardfirst.com ("BoardFirst.com"), through

which it intentionally directs commercial activity to residents of Texas, including residents of this judicial district.

10. Upon information and belief, Texas consumers in this district interact with BoardFirst by requesting that BoardFirst obtain boarding passes for airline flights originating from and arriving at airports in Dallas and other major airports in Texas served by Southwest.

11. Upon information and belief, BoardFirst.com collects personal and payment information from Texas residents purchasing BoardFirst's services.

12. Upon information and belief, BoardFirst directs its business activities to residents of Texas knowing that it will receive commercial gain from selling its services to Texas residents.

13. Upon information and belief, BoardFirst knew that the injury from their unlawful acts would be felt primarily by Southwest in this judicial district where Southwest is incorporated and headquartered, and where it originates numerous flights every day for Texas residents.

14. Moreover, in order to perpetrate the wrongful acts alleged in this complaint, BoardFirst regularly accesses Southwest's computer servers which are located in this District.

15. Upon information and belief, BoardFirst intends and will continue to access Southwest's servers in this District, will market, advertise and sell airline boarding pass services to Texas residents in this District, and will continue to cause injury to Southwest in this District.

## IV.  VENUE

16. Venue lies properly in this Court pursuant to 28 U.S.C. § 1391(b) because the claims alleged in this action arose in this judicial district; a substantial part of the activities, conduct and/or damages occurred in Texas; and BoardFirst has substantial contacts with this judicial district.

DOCUMENT #: 1230254

## V.  FACTS GIVING RISE TO THIS ACTION

### Southwest's Airline Operations and Valuable Trademarks

17. Southwest is a major short-haul, low-fare, high-frequency, point-to-point carrier in the United States. Southwest is headquartered in Dallas, Texas, and conducts substantial business operations at the Dallas Love Field Airport.

18. Southwest has been offering air transportation services under the mark and name "SOUTHWEST AIRLINES" for over thirty years.

19. Southwest has continuously used the SOUTHWEST AIRLINES mark and a family of related marks in connection with various aspects of its air transportation business.

20. In recognition of the value of these marks, Southwest has sought and obtained numerous federal registrations for these marks, including but not limited to United States Service Mark Registration 1,738,670 for the mark **SOUTHWEST AIRLINES** for transportation services; namely, transportation of cargo and passengers by air. This registration issued on September 15, 1992 and is now uncontestable under 15 U.S.C. § 1065. A true and correct copy of the certificate of registration for the foregoing mark is attached hereto as **Exhibit A**.

21. Because of the long, continuous, and exclusive use of the SOUTHWEST AIRLINES mark, the mark has acquired secondary meaning and is associated in the minds of customers and the public with Southwest.

22. In fact, in the more than thirty years that Southwest has been offering air transportation services under the SOUTHWEST AIRLINES mark, Southwest has developed a substantial amount of goodwill in the mark.

### Southwest's Check-in and Boarding Procedures

23. In order to promote passenger security and maintain a fair and expeditious seating process, Southwest maintains certain policies regarding check-in and boarding for its flights.

24. In terms of boarding, Southwest maintains an "open seating" policy.

25. Under the open seating policy, each customer who has purchased a seat on a flight operated by Southwest is issued a boarding pass grouped by "A," "B" or "C" (in that order) based on when the customer checked in for the flight on Southwest's website, or at a Skycap podium, ticket counter, departure gate, or kiosk.

26. Following the boarding of customers who are allowed to pre-board a flight for special circumstances, "general boarding" begins and customers holding boarding passes marked group "A" will board the plane first and sit in any open or unclaimed seat.

27. Customers with boarding passes marked group "B" board the plane following those with "A" passes and sit in any open seat.

28. Those customers with boarding passes marked group "C" board the plane last, following those with "B" passes and sit in any open seat.

29. Beginning 24 hours prior to scheduled departure and up to one hour before departure, customers with eligible reservations may check-in online for their flight and print a boarding pass at Southwest's website, SOUTHWEST.COM.

30. The earlier a customer checks in during the 24 hours prior to departure, the more likely it is that that customer will receive a group "A" boarding pass.

31. In order to check-in online at SOUTHWEST.COM, the Southwest Customer must enter his confirmation number and name in the designated area on the SOUTHWEST.COM website.

32. The SOUTHWEST.COM system then retrieves the appropriate reservation using the customer's personal identification information.

33. The customer must print the boarding pass which appears on his Internet browser and bring the document to the airport where it is presented with a valid government-issued

identification in order to allow the customer to pass through airport security and board his Southwest flight.

34. Certain terms and conditions (the "Terms and Conditions of Use") apply to use of the SOUTHWEST.COM website.

35. Thus, those accessing the website in order to check-in and obtain a boarding pass or to access other features of the website must adhere to the Terms and Conditions of Use in order to be entitled to use SOUTHWEST.COM.

36. The home page of the SOUTHWEST.COM website as well as the Terms and Conditions of Use conspicuously state that use of the website constitutes acceptance of Southwest's Terms and Conditions of Use. Southwest's Terms and Conditions of Use are available by clicking a clearly marked link which appears in multiple places on the SOUTHWEST.COM home page as well as on the internal pages of the website.

37. In consideration of using the SOUTHWEST.COM website, the Terms and Conditions provide that users will not use the website for commercial purposes. A true and correct copy of the Terms and Conditions of Use for the SOUTHWEST.COM website is attached hereto as **Exhibit B**.

38. The Terms and Conditions of Use also state that "third parties may not use the Southwest web sites for the purpose of checking Customers in online or attempting to obtain for them a boarding pass in any certain boarding group."

## BoardFirst's Wrongful Conduct

39. BoardFirst operates a travel services business in which it, without Southwest's authorization and in direct violation of Southwest's Terms and Conditions of Use, charges Southwest Customers a fee in exchange for obtaining group "A" boarding passes using

SOUTHWEST.COM, which Southwest Customers could otherwise obtain directly from Southwest free of charge.

40. Specifically, BoardFirst, through the BoardFirst website, collects the personal information of Southwest Customers, including their flight confirmation number, passenger name and credit card information.

41. Using the flight confirmation number and passenger name, BoardFirst fraudulently poses as a Southwest Customer and knowingly and wrongfully accesses protected sections of Southwest's computer system early in the 24 hour period during which a Southwest Customer can check-in prior to departure of his flight.

42. Upon information and belief, BoardFirst obscures the IP address of the computer it uses to access Southwest's computer system or knowingly uses a non-static IP address so that Southwest will not know that it is BoardFirst, as opposed to an actual Southwest Customer, accessing the SOUTHWEST.COM website.

43. Thus, under the false guise that BoardFirst is a Southwest Customer checking in for a flight, BoardFirst accesses SOUTHWEST.COM and obtains a group "A" boarding pass for a Southwest flight.

44. Upon information and belief, BoardFirst charges the Customer's credit card for having obtained the "A" boarding pass.

45. In order to promote its services and to earn customer trust, BoardFirst has sought to trade off the goodwill associated with the well-known SOUTHWEST AIRLINES mark.

46. For example, the BOARDFIRST.COM website makes unauthorized prominent references to SOUTHWEST AIRLINES® and confuses consumers as to its affiliation with Southwest by advertising that "BoardFirst.com was named The Best Feature of Flying Southwest Airlines®…"

47. Upon information and belief, consumers have been confused as to Southwest's affiliation and/or endorsement of BoardFirst's activities, and Southwest customers have lodged complaints with Southwest about such activities, including the unfair nature of such activities.

48. As such, Southwest has suffered and will continue to suffer irreparable harm and economic injury as a result of BoardFirst's wrongful activities.

### Defendant's Refusal to Cease Its Wrongful Activities

49. Upon learning that BoardFirst was engaged in the above-alleged activities, Southwest promptly wrote to BoardFirst in December 2005, and demanded that BoardFirst cease and desist from utilizing SOUTHWEST.COM for the unauthorized commercial purpose of charging Southwest's customers to obtain boarding passes. The letter also demanded that BoardFirst cease and desist from any form or advertisement or marketing inferring that BoardFirst is affiliated with Southwest.

50. The complained of activities did not cease, and Southwest sent a letter on or about February 15, 2006 again demanding that BoardFirst cease these activities. In both letters, Southwest included a copy of the Terms and Conditions of Use.

51. When BoardFirst ignored these letters, Southwest's attorney dispatched another letter to BoardFirst on or about March 7, 2006.

52. Despite Southwest's repeated requests to BoardFirst to cease the above-alleged activities, BoardFirst continues to this day to profit off of the use SOUTHWEST.COM in violation of Southwest's Terms and Conditions of Use, continues to charge Southwest Customers to obtain group "A" boarding passes, continues to use promotional materials which mislead consumers at to the affiliation between BoardFirst and Southwest, and continues to cause injury to Southwest.

## COUNT I

## 18 U.S.C. § 1030: Fraud And Related Activity In Connection With Computers

53. Southwest repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 52, inclusive.

54. The computer system on which the Southwest check-in system resides is a computer used in interstate commerce or communication, and is, thus a protected computer under 18 U.S.C. § 1030.

55. Upon information and belief, BoardFirst has intentionally accessed and continues to access Southwest's computer system without Southwest's authorization and through use of others' confirmation numbers and personal information that disguise BoardFirst's identity.

56. Upon information and belief, BoardFirst has accessed Southwest's protected computer on a number of occasions with an intent to defraud Southwest and obtain boarding passes for Southwest flights.

57. BoardFirst's unauthorized access of a protected computer has caused damage and is continuing to cause damage to Southwest which has amounted in an aggregated loss of at least $5,000 during a one year period.

58. BoardFirst's conduct has harmed and will continue to harm Southwest. As a result, Southwest has suffered and will continue to suffer losses and irreparable injury, in amounts not yet ascertained.

59. Southwest's remedy at law is not itself adequate to compensate it for injuries inflicted by BoardFirst. Accordingly, Southwest is entitled to damages and injunctive relief

## COUNT II

## Breach of Contract

60. Southwest repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 59, inclusive.

61. BoardFirst entered into a valid contract with Southwest by using Southwest's website SOUTHWEST.COM in acceptance of its Terms and Conditions of Use.

62. The Terms and Conditions of Use state in part that:

> "[u]nless you are an approved Southwest travel agent, you may use the Southwest web sites and any Company Information only for personal, non-commercial purposes. For example, third parties may not use the Southwest web sites for the purpose of checking Customers in online or attempting to obtain for them a boarding pass in any certain boarding group."

63. The Terms and Conditions of Use also provide, "As a condition of your use of the Southwest web sites, you promise that you will not use the Southwest web sites or Company Information for any purpose that is unlawful or prohibited by these terms and conditions."

64. Southwest has performed all of the conditions, covenants, and promises required on its part to be performed in accordance with the terms and conditions of the contract.

65. BoardFirst has repeatedly breached the contract by fraudulently using Southwest's website for the commercial purpose of charging Southwest Customers for online check-in and boarding pass retrieval for Southwest flights.

66. As a direct result of BoardFirst's breaches, Southwest has sustained general and special damages in a sum to be proved at trial.

67. Southwest has suffered and will continue to suffer losses and irreparable injury due to BoardFirst's breaches. BoardFirst is likely to continue to commit such breaches and, unless restrained and enjoined, will continue to do so, all to Southwest's irreparable injury. Southwest's remedy at law is not by itself adequate to compensate it for the injuries inflicted and

threatened by BoardFirst. Accordingly, Southwest is entitled to injunctive relief to prevent BoardFirst from engaging in conduct prohibited by the Terms and Conditions of Use, as well as damages.

## COUNT III

### Unfair Competition in Violation of 15 U.S.C. § 1125(a)

68. Southwest realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 67, inclusive.

69. BoardFirst's intentional and unauthorized use in commerce of the SOUTHWEST AIRLINES name and mark is likely to cause confusion, mistake or deception among the consuming public as to the source or origin of BoardFirst's services and/or as to Southwest's affiliation with, endorsement of, or sponsorship of BoardFirst's services.

70. BoardFirst's continued, unauthorized use of the well-known SOUTHWEST AIRLINES name and mark has been done with intent to trade upon the goodwill and reputation of Southwest. Accordingly, BoardFirst's actions constitute willful infringement and unfair competition in violation of Section 43(a) of the Trademark Act of 1946, 15 U.S.C. 1125(a).

71. As a result of the foregoing, Southwest has been damaged in an amount that will be ascertained according to proof. In addition to Southwest's actual damages, Southwest is entitled to receive BoardFirst's profits pursuant to 15 U.S.C. § 1117(a). These actual damages and profits should be enhanced because BoardFirst's conduct described above is willful.

72. In addition, Southwest has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill. BoardFirst is likely to continue to engage in activities in violation of 15 U.S.C. § 1125(a) and unless restrained and enjoined will continue to do so, all to Southwest's irreparable injury. Southwest's remedy at law is not by

itself adequate to compensate it for the injuries inflicted and threatened by BoardFirst. Accordingly, Southwest is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

73. Southwest is also entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT IV

## Trademark Infringement in Violation of 15 U.S.C. § 1114

74. Southwest realleges and incorporates by this reference each and every allegation set forth in paragraphs 1 through 73, inclusive.

75. BoardFirst's aforesaid acts, practices and conduct constitute an infringing and unauthorized use in interstate commerce of a reproduction, counterfeit, copy or colorable imitation of the registered SOUTHWEST AIRLINES mark.

76. BoardFirst's marketing and sale of travel-related services in connection the SOUTHWEST AIRLINES mark is likely to cause confusion, mistake or to deceive the public as to the affiliation, connection or association between BoardFirst and Southwest.

77. As a result of the foregoing, Southwest has been damaged in an amount that has not yet been determined. Southwest is entitled to those remedies authorized under 15 U.S.C. § 1117, and damages awarded to Southwest under this section should be enhanced because BoardFirst's conduct described above is willful.

78. In addition, Southwest has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill. BoardFirst is likely to continue to engage in the activities complained of herein and unless restrained and enjoined will continue to do so, all to Southwest's irreparable injury. Southwest's remedy at law is not by itself adequate to compensate it for the injuries inflicted and threatened by BoardFirst. Accordingly, Southwest is entitled to injunctive relief pursuant to 15 U.S.C. § 1116(a).

79.     Southwest is also entitled to recover its attorneys' fees and costs pursuant to 15 U.S.C. § 1117.

## COUNT V

## Unjust Enrichment

80.     Southwest repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 79, inclusive.

81.     BoardFirst knowingly benefited and continue to unjustly benefit from its unauthorized use of SOUTHWEST.COM and its unauthorized and misleading use of the SOUTHWEST AIRLINES mark.  BoardFirst has accepted the benefit and never compensated Southwest for its unauthorized use of SOUTHWEST.COM and of the SOUTHWEST AIRLINES mark.

82.     BoardFirst has been unjustly enriched to the detriment of Southwest.

## COUNT VI

## Harmful Access By Computer

83.     Southwest repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 82, inclusive.

84.     BoardFirst violated § 33.02 of the Texas Penal Code by knowingly, and without effective consent, accessing Southwest's computer network or system.  Southwest has been harmed by such illegal conduct.

85.     Pursuant to § 143.001 of the Texas Civil Practice And Remedies Code, BoardFirst's knowing and intentional violation of § 33.02 of the Texas Penal Code makes BoardFirst liable in a civil action for harmful computer access of Southwest's computer network or system.

## COUNT VII

### Trespass

86. Southwest repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 85, inclusive.

87. BoardFirst has intentionally, and without authorization, accessed and interacted with SOUTHWEST.COM. Access to SOUTHWEST.COM and its proprietary content and functionality is granted only to those users who abide by the Terms and Conditions of Use. By disregarding the Terms and Conditions of Use, and Southwest's known objections to such activities, BoardFirst has unlawfully gained access to and interfered and intermeddled with Southwest's private property.

88. Moreover, BoardFirst has used SOUTHWEST.COM and its valuable computer capacity and functionality without permission to enrich its business, depriving Southwest of its own resources or undermining its use of them. If not stopped, BoardFirst and other commercial actors will increase their activities and create increased unauthorized use of SOUTHWEST.COM.

89. BoardFirst's conduct constitutes trespass that has harmed and will continue to harm Southwest and its business. As a result, Southwest has been and will continue to be damaged.

90. In addition, Southwest has suffered and will continue to suffer irreparable harm, and its remedy at law is not itself adequate to compensate it for injuries inflicted by BoardFirst. Accordingly, Southwest is entitled to injunctive relief. (Southwest does not seek damages based on this claim for trespass.)

**ATTORNEYS' FEES**

91. Southwest repeats and incorporates by this reference each and every allegation set forth in paragraphs 1 through 85, inclusive.

92. Southwest has been required to retain the services of the undersigned attorneys in the prosecution of this claim. Pursuant to § 38.001 of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, Southwest seeks to recover its attorneys' fees and costs expended in prosecuting this matter since such an award would be equitable and just under the circumstances.

**PRAYER FOR RELIEF**

WHEREFORE, Southwest respectfully requests judgment as follows:

(1) That the Court enter a judgment against BoardFirst that it has:

    (a) committed and is committing acts of fraud in connection with computers in violation of 18 U.S.C. § 1030;

    (b) breached its contract with Southwest regarding use of SOUTHWEST.COM;

    (c) willfully used and is using Southwest's trademark in a manner which is likely to cause confusion, mistake or to deceive as to BoardFirst's affiliation, connection or association with Southwest, or as to Southwest's sponsorship or approval of BoardFirst's commercial activities, in violation of 15 U.S.C. § 1125(a);

    (d) made and is making infringing use of Southwest's registered SOUTHWEST AIRLINES mark in violation of 15 U.S.C. § 1114;

    (e) been and is being unjustly enriched to the detriment of Southwest;

    (f) caused and is causing harmful access to Southwest's computer system in violation of § 33.02 of the Texas Penal Code;

    (g) is and has been committing trespass to Southwest's computer system; and

    (h)  otherwise injured the business reputation and business of Southwest by the acts and conduct set forth in this Complaint.

  (2)  That the Court issue preliminary and permanent injunctive relief against BoardFirst, and that BoardFirst and any and all others in active concert or participating with BoardFirst be enjoined and restrained from:

    (a)  accessing SOUTHWEST.COM or any Southwest website for the commercial purpose of checking in Southwest Customers and obtaining boarding passes for Southwest Customers in exchange for a fee;

    (b)  accessing Southwest's computer system in violation of 18 U.S.C. § 1030;

    (c)  breaching any of the Terms and Conditions of use of SOUTHWEST.COM or any other website operated by Southwest;

    (d)  engaging in any activity constituting a violation of 15 U.S.C. § 1125(a) or 15 U.S.C. §1114, such as using in commerce in connection with its services and/or commercial activities, registered trademarks of Southwest in a manner which is likely to cause consumer confusion;

    (e)  using any designation of origin or description that can or is likely to lead anyone to believe that any product or services have been produced, distributed, offered for distribution, sold, offered for sale, advertised, displayed, licensed, sponsored, approved or authorized by or for Southwest, when such is not true;

    (f)  engaging in activities that unjustly enrich BoardFirst to the detriment of Southwest;

    (g)  accessing, without effective consent, Southwest's computer network or system in violation of § 33.02 of the Texas Penal Code;

    (h)  committing trespass to Southwest's computer system; and

    (i) assisting, aiding, or abetting any other person or business entity in engaging in or performing any of the activities referred to in subparagraphs (a) through (g) above.

  (3) That the Court order BoardFirst to pay Southwest's general, special, actual, compensatory, incidental, consequential, punitive, statutory and exemplary damages as follows:

    (a) Southwest's damages as a result of BoardFirst's unauthorized access to Southwest's computer system in violation of 18 U.S.C. § 1030;

    (b) Southwest's damages as a result of BoardFirst breaching its contract with SOUTHWEST.COM;

    (c) Southwest's damages and BoardFirst's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b), for BoardFirst's willful violation of Southwest's registered trademarks;

    (d) Southwest's damages and BoardFirst's profits pursuant to 15 U.S.C. § 1117(a), trebled pursuant to 15 U.S.C. § 1117(b) for BoardFirst's willful acts of unfair competition;

    (e) Southwest's damages for BoardFirst's violation of § 31.04 of the Texas Penal Code; and

    (f) Southwest's damages and BoardFirst's profits pursuant to Texas common law for breach of contract and/or unjust enrichment.

  (4) That the Court order BoardFirst to pay to Southwest both the costs of this action and the reasonable attorneys' fees incurred by it in prosecuting this action; and

  (5) That the Court grant to Southwest such other and additional relief as is just and proper.

Dated: October 3, 2006.

                    **Respectfully submitted,**

By:    /s *Ramona Martinez*_____
         **RAMONA MARTINEZ**
         Attorney-in-Charge
         Texas Bar No. 13144010
         **JONATHAN C. LaMENDOLA**
         Texas Bar No. 00792637
         **GREGORY J. LENSING**
         Texas Bar No. 00787896

         **COWLES & THOMPSON, P.C.**
         901 Main Street, Suite 4000
         Dallas, TX 75202-3793
         (214) 672-2000
         (214) 672-2020 (Fax)

         **-and-**

         **CYNTHIA S. BUHR**
         State Bar No. 03458200

         **SOUTHWEST AIRLINES CO.**
         P.O. Box 36611
         2702 Love Field Drive
         Dallas, TX 75235-1611
         (214) 792-6144
         (214) 792-6200 (Fax)

         **ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that on October 3, 2006, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Texas, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this notice as service of this document by electronic means: James O. Bell and Elizann Carroll.

/s *Gregory J. Lensing*
 Gregory J. Lensing